# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**TONYA L. SANDERS**                                                                            **PLAINTIFF**

**V.**                      **CASE NO. 1:18-CV-00018-BRW-BD**

**SOCIAL SECURITY ADMINISTRATION**                            **DEFENDANT**

## RECOMMENDED DISPOSITION

This Recommended Disposition ("Recommendation") has been sent to Judge Billy Roy Wilson. Parties may file written objections to this Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

## I. Introduction:

On June 30, 2015, Tonya L. Sanders applied for disability benefits, alleging disability beginning April 30, 2015. (Tr. at 76) Her claims were denied initially and upon reconsideration. *Id.* After conducting a hearing, the Administrative Law Judge ("ALJ") denied her application. (Tr. at 87). Ms. Sanders requested that the Appeals Council review the ALJ's decision, but that request was denied. (Tr. at 1) Therefore, the ALJ's decision now stands as the final decision of the Commissioner. Ms. Sanders filed this case seeking judicial review of the decision denying his benefits.

## II. The Commissioner's Decision:

The ALJ found that Ms. Sanders had not engaged in substantial gainful activity since the alleged onset date of April 30, 2015. (Tr. at 79) At step two of the five-step analysis, the ALJ found that Ms. Sanders had the following severe impairments: degenerative disc disease, status post decompression and discectomy, anxiety, and depression. *Id.*

After finding that Ms. Sanders's impairments did not meet or equal a listed impairment (Tr. at 79), the ALJ determined that Ms. Sanders had the residual functional capacity ("RFC") to perform the full range of work at the light level with additional limitations. (Tr. at 81). She could only occasionally stoop, kneel, crouch, and crawl. *Id*. She could occasionally work overhead and climb stairs or ladders. *Id*. She could perform simple, routine tasks and have occasional changes in the routine work setting. *Id*. She could tolerate only incidental contact with the public and coworkers. *Id*.

The ALJ next found that Ms. Sanders was unable to perform any past relevant work. (Tr. at 85) At step five, the ALJ relied on the testimony of a Vocational Expert ("VE") to find, based on Ms. Sanders's age, education, work experience and RFC, that she could perform work in the national economy as motel cleaner and sales attendant. (Tr. at 87). Based on that finding, the ALJ held that Ms. Sanders was not disabled. *Id.*

## III. Discussion:

### A. Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and assure that the decision is supported by substantial evidence on the whole record.

*Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). Stated another way, the decision must rest on enough evidence that "a reasonable mind would find it adequate to support [the] conclusion." *Halverson*, 600 F.3d at 929. The Court will not reverse the decision, however, solely because there is evidence to support a conclusion different from that reached by the Commissioner. *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006).

> B. Ms. Sanders's Arguments on Appeal

Ms. Sanders contends that substantial evidence does not support the ALJ's decision to deny benefits. She argues that the ALJ should have ordered a physical consultative medical examination, and because he did not, the RFC was inadequate. After reviewing the record as a whole, the Court concludes that the ALJ did not err in denying benefits.

Ms. Sanders suffered from back and neck pain arising from degenerative disc disease. An MRI showed mild-to-moderate lateral stenosis of the lumbar spine and moderately severe foramen stenosis. (Tr. at 483) X-rays of the lumbar spine showed mild scoliosis and moderately severe degenerative changes. (Tr. at 484) These testing results line up with the ALJ's classification of degenerative disc disease as a severe impairment.

On April 20, 2015, Scott Schlesinger, M.D., a neurosurgeon, found that Ms. Sanders had full range of motion in the lumbar spine and that her gait was normal. (Tr. at 481-482) Straight-leg raise was negative. *Id*. There was no tenderness to palpation. *Id*.

Normal examination findings are not indicative of disabling pain. *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001). Dr. Schlesinger recommended a steroid injection and physical therapy. (Tr. at 484) Pain decreased with physical therapy and Ms. Sanders was instructed by the therapist to exercise. (Tr. at 486-488) She was also told to exercise and lose weight by her PCP. (Tr. at 463) A physician's recommendation to exercise suggests that a claimant has an increased functional capacity. See *Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009).

Ms. Sanders underwent a decompression and discectomy at L3-L4 in April 2016. (Tr. at 644) She had some complications from wound infections and returned for debridement of the wound site in May 2016. (Tr. at 648) She was better by the time of her discharge, and she continued to improve. (Tr. at 652-654) Improvement in condition supports an ALJ's finding that a claimant is not disabled. See *Lochner v. Sullivan*, 968, F.2d 725, 728 (8th Cir. 1992). There was no more evidence of treatment for Ms. Sanders's back condition during the relevant time-period.

Dr. Schlesinger said in October 2015 that it would be difficult for Ms. Sanders to carry out any physical work. (Tr. at 537) The ALJ gave little weight to this opinion because it was vague and did not rule out light work. (Tr. at 85) Also, the opinion was given before Ms. Sanders' back surgery and her subsequent improvement. The two state-agency reviewing medical consultants found that Ms. Sanders was capable of light work.

As the ALJ noted, the opinion evidence was supported by objective and clinical testing, and it did not rule out light work.

Ms. Sanders contends that the ALJ should have ordered a physical consultative examination. The ALJ has a duty to develop the record fully, even when the claimant is represented by counsel, and must order a consultative examination if it is necessary to make an informed decision. *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). An examination is required, however, only if there is insufficient medical evidence in the record to determine whether a claimant is disabled. *Martise v. Astrue*, 641 F.3d 909, 926–27 (8th Cir. 2011).

The record evidence was not in conflict, nor was it insufficient with respect to Ms. Sanders's back condition. The record shows that Ms. Sanders improved with treatment. Medial branch blocks reduced her pain by 80%. (Tr. at 9) Her pain also decreased with physical therapy. (Tr. at 486) She improved after back surgery; and she was able to cook, shop for groceries, wash dishes, and volunteer. (Tr. at 82) Such daily activities undermine her claims of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995). The ALJ assigned an RFC based on a fully developed record, and the RFC incorporated all of Ms. Sanders' limitations.

IV. **Conclusion:**

There is substantial evidence to support the Commissioner's decision that Ms. Sanders was not disabled. The record was fully developed, and the RFC incorporated all

of Ms. Sanders's limitations. The decision, therefore, should be affirmed. The case should be dismissed, with prejudice.

DATED this 8th day of February, 2019.

_____
UNITED STATES MAGISTRATE JUDGE